# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Virginia:             Proof of Service

In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL21004284-00
Service number: 001
Service filed: October 05, 2021
Judge:

Served by: OUT OF STATE
Style of case: MICHEAL DONOVAN vs DUANE CHAPMAN
Service on: DUANE CHAPMAN
PERSONAL SERVICE

Attorney: MATHENY WILLARD, AMINA
757-777-3441

Instructions:

Returns shall be made hereon, showing service of Summons issued Tuesday, October 05, 2021 with a copy of the Complaint filed Tuesday, October 05, 2021 attached.

Hearing date :
Service issued: Tuesday, October 05, 2021

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: DUANE CHAPMAN
PERSONAL SERVICE

Case No. 760CL21004284-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, October 05, 2021

Clerk of Court: EDWARD F JEWETT

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: MATHENY WILLARD, AMINA
757-777-3441

**COVER SHEET FOR FILING CIVIL ACTIONS**
COMMONWEALTH OF VIRGINIA

Case No. _____
(CLERK'S OFFICE USE ONLY)

_____City of Richmond_____ Circuit Court

____Micheal Donovan____ v./In re: ____Duane Chapman____
PLAINTIFF(S)                                    DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
Subsequent Actions
[x] Claim Impleading Third Party Defendant
  [x] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
Business & Contract
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
Property
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
Tort
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

RECEIVED AND FILED
CIRCUIT COURT
OCT - 5 2021
EDWARD F. JEWETT, CLERK
BY_____ D.C.

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

**MISCELLANEOUS**
[ ] Amend Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[x] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify) _____

[ ] Damages in the amount of $ 1,300,000.00 are claimed.

10/5/2021
DATE

Amina Matheny-Willard
PRINT NAME

999 Waterside Drive, Suite 2525, Norfolk, Virginia 23510
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

amina@aminalaw.com

757-777-3441
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

[ ] PLAINTIFF  [ ] DEFENDANT  [x] ATTORNEY FOR  [x] PLAINTIFF
                                                 [ ] DEFENDANT

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

## Civil Action Type Codes
### (Clerk's Office Use Only)

| | |
|---|---|
| Accounting | ACCT |
| Adoption | ADOP |
| Adoption – Foreign | FORA |
| Adult Protection | PROT |
| Aid and Guidance | AID |
| Amend Death Certificate | ADC |
| Annexation | ANEX |
| Annulment | ANUL |
| Annulment – Counterclaim/Responsive Pleading | ACRP |

**Appeal/Judicial Review**

| | |
|---|---|
| ABC Board | ABC |
| Board of Zoning | ZONE |
| Compensation Board | ACOM |
| DMV License Suspension | JR |
| Employment Commission | EMP |
| Employment Grievance Decision | GRV |
| Local Government | GOVT |
| Marine Resources | MAR |
| School Board | JR |
| Voter Registration | AVOT |
| Other Administrative Appeal | AAPL |

**Appointment**

| | |
|---|---|
| Conservator of Peace | COP |
| Church Trustee | AOCT |
| Custodian/Successor Custodian (UTMA) | UTMA |
| Guardian/Conservator | APPT |
| Marriage Celebrant | ROMC |
| Standby Guardian/Conservator | STND |
| Approval of Transfer of Structured Settlement | SS |
| Asbestos Litigation | AL |
| Attachment | ATT |
| Bond Forfeiture Appeal | BFA |
| Child Abuse and Neglect – Unfounded Complaint | CAN |
| Civil Contempt | CCON |
| Claim Impleading Third Party Defendant – Monetary Damages/No Monetary Damages | CTP |
| Complaint – (Miscellaneous) | COM |
| Compromise Settlement | COMP |
| Condemnation | COND |
| Confessed Judgment | CJ |
| Contract Action | CNTR |
| Contract Specific Performance | PERF |
| Counterclaim – Monetary Damages/No Monetary Damages | CC |
| Cross Claim | CROS |
| Declaratory Judgment | DECL |
| Declare Death | DDTH |
| Detinue | DET |

**Divorce**

| | |
|---|---|
| Complaint – Contested/Uncontested | DIV |
| Counterclaim/Responsive Pleading | DCRP |
| Reinstatement – Custody/Visitation/Support/ Equitable Distribution | CVS |

**Driving Privileges**

| | |
|---|---|
| Reinstatement pursuant to § 46.2-427 | DRIV |
| Restoration – 3rd Offense | REST |
| Ejectment | EJET |

| | |
|---|---|
| Encumber/Sell Real Estate | RE |
| Enforce Vendor's Lien | VEND |
| Escheatment | ESC |
| Establish Boundaries | ESTB |
| Expungement | XPUN |
| Forfeiture of Property or Money | FORF |
| Freedom of Information | FOI |
| Garnishment | GARN |
| Injunction | INJ |
| Intentional Tort | ITOR |
| Interdiction | INTD |
| Interpleader | INTP |
| Interrogatory | INTR |
| Judgment Lien – Bill to Enforce | LIEN |
| Landlord/Tenant | LT |
| Law Enforcement/Public Official Petition | LEP |
| Mechanics Lien | MECH |
| Medical Malpractice | MED |
| Motor Vehicle Tort | MV |
| Name Change | NC |
| Other General Tort Liability | GTOR |
| Partition | PART |
| Permit, Unconstitutional Grant/Denial by Locality | LUC |
| Petition – (Miscellaneous) | PET |
| Product Liability | PROD |
| Quiet Title | QT |
| Referendum Elections | ELEC |
| Reinstatement (Other than divorce or driving privileges) | REIN |
| Removal of Case to Federal Court | REM |
| Restore Firearms Rights – Felony | RFRF |
| Restore Firearms Rights – Review | RFRR |
| Separate Maintenance | SEP |
| Separate Maintenance – Counterclaim/Responsive Pleading | SCRP |
| Sever Order | SEVR |
| Sex Change | COS |

**Taxes**

| | |
|---|---|
| Correct Erroneous State/Local | CTAX |
| Delinquent | DTAX |
| Termination of Mineral Rights | MIN |
| Trust – Impress/Declare/Create | TRST |
| Trust – Reformation | REFT |
| Uniform Foreign Country Money Judgments | RFCJ |
| Unlawful Detainer | UD |
| Vehicle Confiscation | VEH |
| Violation – Election Law | VEL |
| Voting Rights – Restoration | VOTE |
| Will Construction | CNST |
| Will Contested | WILL |

**Writs**

| | |
|---|---|
| Certiorari | WC |
| Habeas Corpus | WHC |
| Mandamus | WM |
| Prohibition | WP |
| Quo Warranto | WQW |
| Wrongful Death | WD |

FORM CC-1416 (MASTER) PAGE TWO 07/21

VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND

MICHEAL DONOVAN;

    *Plaintiff,*

v.

DUANE CHAPMAN

    *Defendant.*

Case No. _____

RECEIVED AND FILED
CIRCUIT COURT
OCT - 5 2021
EDWARD F. JEWETT, CLERK
BY_____ D.C.

## VERIFIED COMPLAINT

Plaintiff Micheal Donovan, for his Defamation Complaint against defendant Duane Chapman, alleges as follows:

### INTRODUCTION

1. Defendant is a disgraced reality TV star who was fired by Plaintiff after his company discovered that the Defendant had used racial epithets to attack Black teenage Black Lives Matter activists.

2. Plaintiff's investigation into the allegations of racial epithets also uncovered illegal activity, to wit: Defendant Chapman illegally holstered and wore a taser device during filming in Virginia, which is illegal in the Commonwealth considering Chapman has been convicted of a violent crime.

3. Plaintiff's investigation of Defendant's felony record, in order to determine whether his use of the taser was illegal, discovered significant inaccuracies between Defendant's report of his crime and the facts as viewed in court records.

4. For instance, Plaintiff had no idea when he hired Defendant that the victim in his decades old murder conviction was Black, and that on the way to the victim's house Defendant and his friends bragged that they were "going to get them a nigger".

Page 1 of 15

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6462
(757-63-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Text: 757.239.3961
Firm Fax: 757-282-7808
Email: amina@aminalaw.com

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

5. Plaintiff similarly had no idea of the level of involvement Defendant Chapman had in the murder, as Defendant reported to Plaintiff that he was simply in the wrong place at the wrong time. In fact, according to the court records, Defendant brought ammunition along with him on their trip to specifically rob a Black man.

6. Defendant has engaged in a course of conduct to lash out at Plaintiff for terminating his contract and this conduct has led to Defendant committing the tort of defamation, and Plaintiff being forced to file this complaint.

## JURISDICTION AND VENUE

7. The Court's jurisdiction is based on § 17.1-513, *et seq.*, and § 8.01-328.1, *et seq.*, of the Code of Virginia.

8. Venue is proper pursuant to § 8.01-262(4) of the Code of Virginia.

9. Venue is further proper in this Court because the defamatory content in this case was specifically intended to damage Plaintiff in his reputation, and damage Plaintiff's relationships within the City of Richmond.

## PARTIES

10. Plaintiff Micheal Donovan is the CEO of Unleashed Entertainment LLC, which operates Unleashed TV. Donovan is a resident of Virginia with a principal residence in Fishersville, Virginia.

11. Defendant is a resident of Colorado with a principal residence in Castle Rock, Colorado.

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6462
(757-65-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Text: 757.239.3961
Firm Fax: 757-282-7808
Email: amina@aminalaw.com

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

## STATEMENT OF FACTS

50

51  12. On April 7, 2021, Defendant Chapman posted on his official "@DogBountyHunter"

52  Twitter account the following statement: "Unleashed representatives are trying to steal

53  hi Jack Miss lead miss inform etc. all dog the bounty Hunter is also trademarked by us"

54  (hereinafter, the "4/7 Statement"). A true and correct copy of the tweet in question can

55  be found below:

56

57

58

59

60

61

62

63

64

65

66

67

68

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6442
(757-65-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Text: 757.239.3961
Firm Fax: 757-282-7808
Email: amina@aminalaw.com
69

Page 3 of 15

Verified Complaint
Donovan v. Chapman

VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND
*Micheal Donovan v. Duane Chapman*

13. Plaintiff, through their company Unleashed Entertainment LLC, invested a significant amount of time and money producing a show that could never air because of Defendants immoral and illegal conduct.

14. Plaintiff made reserved, but necessary, statements to their customers to explain why Defendant's new show, "Dog Unleashed", was cancelled.

15. Defendant seeks to shirk all responsibility for his actions and defame Plaintiff in an effort to cover up his despicable and racist behavior.

16. Defendant's 4/7 statement accuses Plaintiff and his associates of criminal activity, which is false, constituting defamation *per se*.

17. The 4/7 Statement was published on April 7, 2021 at 6:09PM on Defendant's official twitter account.

18. Defendant's defamatory content was available worldwide, but upon information and belief Defendant specifically intended for his defamatory content to reach individuals living and working in the City of Richmond, to damage Plaintiff's reputation and relationships with individuals living and working in the City of Richmond.

19. Defendant knows his show was cancelled because of his racist behavior and illegal activity. Defendant's actions in asserting wrongdoing by Plaintiff was an attempt to deflect.

20. The 4/7 Statement is factually untrue because neither Plaintiff nor his employees were "trying to steal hi Jack Miss inform etc.". Plaintiff was simply correcting a grave error he made when he offered to produce a show for the Defendant, namely, cancelling the show and cutting all losses. Defendant's arrogance and attempt to remain relevant demonstrate actual malice.

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6462
(757-65-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Text: 757.239.3961
Firm Fax: 757-282-7808
Email: amina@aminalaw.com

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

21. On September 16, 2021, Defendant Chapman posted on his official "@DogBountyHunter" Twitter account the following statement: "they will see how you have lied about all of us you creep again what about the little boys daddy?" (hereinafter, the "First 9/16 Statement"). A true and correct copy of the tweet in question can be found below:

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

> **Duane Dog Chapman** ✓
> @DogBountyHunter
>
> Replying to @richardmooreva @notfreeamerica and 4 others
>
> They will see how you have lied about all of us you creep again what about the little boys Daddy
>
> 7:18 PM · 9/16/21 · Twitter for iPhone
>
> 4 Likes
>
> **Chris Hayford** @ChrisHayford9 · 9/16/21
> Replying to @DogBountyHunter @notfreeamerica and 5 others
> Uncle Dog please
>
> **More Replies**
>
> **Richard Moore** @richardmoor... · 9/16/21
> Replying to @DogBountyHunter @notfreeamerica and 4 others
> I don't use people and cast them aside like you do Duane.

22. Defendant seeks to shirk all responsibility for his actions and defame Plaintiff in an effort to cover up his despicable and racist behavior.

Page 6 of 15

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

23. The "lies" Defendant Chapman references are the actual facts surrounding the cancellation of his reality tv show for cause. Thus, this statement is not a general statement of opinion, rather a statement Defendant is employing as true to cover up his immoral and criminal activity.

24. Defendant Chapman maintained a false narrative that his show had not been cancelled, going so far as to continue advertising the cancelled show on his social media platforms thru September 2021. The statement is designed to and has, in fact, damaged Plaintiff in their industry and/or trade.

25. Defendant's First 9/16 statement accuse Plaintiff and their associates of criminal activity, which is false, constituting defamation *per se*.

26. The 9/16 Statement was published on September 16, 2021 at 7:18 PM on Defendant's official twitter account.

27. Defendant knows his show was cancelled because of his racist behavior and illegal activity. His actions in asserting that Plaintiff lied about these facts were an attempt to deflect blame from himself and designed to harm Plaintiff' reputation.

28. The First 9/16 Statement is factually untrue because none of Plaintiff' public statements about the "Dog Unleashed" show cancellation were false in any way. By specifically accusing Plaintiff of lying about the cancellation of his show, Defendant seeks to defame Plaintiff, injuring them in their business and/or trade and injuring their reputation.

29. To add ignorant insult to injury, Defendant resorts to tired homophobic tropes, calling one of the openly gay Plaintiff "daddy" in a mocking manner and making a vile and disgusting implication using the words "little boys" and "daddy" together.

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6462
(757-65-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Text: 757.239.3961
Firm Fax: 757-282-7808
Email: amina@amwlaw.com

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

30. On September 16, 2021, Defendant Chapman posted on his official "@DogBountyHunter" Twitter account the following statement: "Boy you got nothing that was a prop you were right behind me remember ?? You keep throwing lies you are a phony" (hereinafter, the "Second 9/16 Statement"). A true and correct copy of the tweet in question can be found below:



31. Plaintiff Donovan posted an image from the video assets of the now defunct "Dog Unleashed" show which shows the Defendant using a taser weapon when entering the home of a suspect. Defendant is a convicted felon, having been convicted of murder,

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

133 and it is illegal for Defendant to carry a stun weapon in the Commonwealth of Virginia,
134 as it is a violation of Virginia Code § 18.2-308.2.

135 32. Defendant claims he was carrying a prop, which Plaintiff hopes is true. However,
136 Defendant was advised, before production, that he could not carry the taser he
137 produced. When Defendant showed a representative of Plaintiff the taser, the
138 representative asked if the taser was real and Defendant replied: "of course."
139 Defendant was advised that possessing the weapon in Virginia is a felony and the use
140 of it would put his show in jeopardy. The picture in the above tweet comes from film
141 *days after* Defendant admitted he had an illegal taser and Defendant was told that he
142 could not possess a taser (stun weapon) in Virginia. Defendant knowingly and
143 feloniously possessed a weapon in violation of Virginia Code § 18.2-308.2., and he
144 used such weapon to intimidate a person when forcing entry into their home. This event
145 led to the investigation regarding the taser, which, combined with the racial epithets,
146 led Plaintiff Donovan to cancel the "Dog Unleashed" production.

147 33. Defendant's Second 9/16 statement accuses Plaintiff and their associates of criminal
148 activity, which is false, constituting defamation *per se*.

149 34. The 9/16 Statement was published on September 16, 2021, after 4:45PM, on
150 Defendant's official twitter account.

151

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6462
(757-65-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Text: 757.239.3961
Firm Fax: 757-282-7858
Email: amina@aminalaw.com

VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND
*Micheal Donovan v. Duane Chapman*

## COUNT I
## DEFAMATION *PER SE*
### (As to the Defendant's 4/7 Statement)

35. Plaintiff reallege all the foregoing allegations and incorporates them herein by reference.

36. The Statement is factually untrue.

37. The Statement does not deal with matters of public concern relating to a matter of political, social, or other concern to the community, nor is it the subject of legitimate news interest.

38. The Statement is defamatory because it has a defamatory meaning on its face.

39. The Statement is defamatory because it has a defamatory meaning by its implication.

40. The plain and natural meaning of the Statement is not a mere expression of opinion as reasonably understood by the average person because it can be, and is, provably false.

41. On its face, the plain and natural meaning of the Statement is not rhetorical hyperbole as would be reasonably understood by the average person.

42. As used by Defendant, the plain and natural meaning of the Statement is not rhetorical hyperbole as would be reasonably understood by the average person.

43. A reasonable person would understand the Statement to convey a (false) representation of fact.

44. Defendant published the Statement in a manner that created a substantial danger to Plaintiffs' reputation.

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6462
(757-65-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Test: 757.239.3961
Firm Fax: 757-282-7808
Email: amina@aminalaw.com

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

45. Defendant published the Statement with actual malice, personal spite, and ill-will, independent of the occasion on which the communication was made, and with the specific intent to harm Plaintiff and their reputation.

46. Defendant knew the Statement was false at the time he published it, or he had a high degree of awareness of the Statement's probable falsity at the time he published it.

47. Defendant published the Statement with a reckless disregard for its truth.

48. Plaintiff is not a public figure.

49. Plaintiff Donovan may be a limited purpose public figure because he has assumed a role of public prominence related to matters involving civil rights and/or immigration; however, none of those limited purpose areas apply to the facts in this Complaint.

50. Defendant's publication of the Statement was unreasonable.

51. Defendant acted negligently in failing to ascertain accurate facts upon which the Statement could be based. Defendant did not take reasonable care in ensuring the truth of the Statement before publishing it.

## COUNT II
## DEFAMATION *PER SE*
### (As to the Defendant's First 9/16 Statement)

52. Plaintiff realleges all the foregoing allegations and incorporates them herein by reference.

53. The Statement is factually untrue.

54. The Statement does not deal with matters of public concern relating to a matter of political, social, or other concern to the community, nor is it the subject of legitimate news interest.

55. The Statement is defamatory because it has a defamatory meaning on its face.

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6462
(757-65-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Text: 757.239.3961
Firm Fax: 757-282-7808
Email: amina@aminalaw.com

VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND
*Micheal Donovan v. Duane Chapman*

56. The Statement is defamatory because it has a defamatory meaning by its implication.

57. The plain and natural meaning of the Statement is not a mere expression of opinion as reasonably understood by the average person because it can be, and is, provably false.

58. On its face, the plain and natural meaning of the Statement is not rhetorical hyperbole as would be reasonably understood by the average person.

59. As used by Defendant, the plain and natural meaning of the Statement is not rhetorical hyperbole as would be reasonably understood by the average person.

60. A reasonable person would understand the Statement to convey a (false) representation of fact.

61. Defendant published the Statement in a manner that created a substantial danger to Plaintiffs' reputation.

62. Defendant published the Statement with actual malice, personal spite, and ill-will, independent of the occasion on which the communication was made, and with the specific intent to harm Plaintiff and their reputation.

63. Defendant knew the Statement was false at the time he published it, or he had a high degree of awareness of the Statement's probable falsity at the time he published it.

64. Defendant published the Statement with a reckless disregard for its truth.

65. Plaintiff is not a public figure.

66. Plaintiff Donovan may be a limited purpose public figure because he has assumed roles of public prominence related to matters involving civil rights or immigration; however, none of those limited purpose areas apply to the facts in this Complaint.

67. Defendant's publication of the Statement was unreasonable.

VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND
*Micheal Donovan v. Duane Chapman*

68. Defendant acted negligently in failing to ascertain accurate facts upon which the Statement could be based. Defendant did not take reasonable care in ensuring the truth of the Statement before publishing it.

### COUNT III
### DEFAMATION *PER SE*
(As to the Defendant's Second 9/16 Statement)

69. Plaintiff realleges all the foregoing allegations and incorporates them herein by reference.

70. The Statement is factually untrue.

71. The Statement does not deal with matters of public concern relating to a matter of political, social, or other concern to the community, nor is it the subject of legitimate news interest.

72. The Statement is defamatory because it has a defamatory meaning on its face.

73. The Statement is defamatory because it has a defamatory meaning by its implication.

74. The plain and natural meaning of the Statement is not a mere expression of opinion as reasonably understood by the average person because it can be, and is, provably false.

75. On its face, the plain and natural meaning of the Statement is not rhetorical hyperbole as would be reasonably understood by the average person.

76. As used by Defendant, the plain and natural meaning of the Statement is not rhetorical hyperbole as would be reasonably understood by the average person.

77. A reasonable person would understand the Statement to convey a (false) representation of fact.

78. Defendant published the Statement in a manner that created a substantial danger to Plaintiffs' reputation.

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

79. Defendant published the Statement with actual malice, personal spite, and ill-will, independent of the occasion on which the communication was made, and with the specific intent to harm Plaintiff and their reputation.

80. Defendant knew the Statement was false at the time he published it, or he had a high degree of awareness of the Statement's probable falsity at the time he published it.

81. Defendant published the Statement with a reckless disregard for its truth.

82. Plaintiff is not a public figure.

83. Plaintiff Donovan may be a limited purpose public figure because he has assumed a role of public prominence related to matters involving civil rights and/or immigration; however, none of those limited purpose areas apply to the facts in this Complaint.

84. Plaintiff has not thrust himself into a public controversy related to the Statement.

85. Defendant's publication of the Statement was unreasonable.

86. Defendant acted negligently in failing to ascertain accurate facts upon which the Statement could be based. Defendant did not take reasonable care in ensuring the truth of the Statement before publishing it.

**WHEREFORE,** Plaintiff seek the following:

1. Actual and punitive damages in an amount to be proved at trial but not less than:
    a. Count I: $400,000;
    b. Count II: $500,000;
    c. Count III: $400,000;

    For a Total of Not Less Than: $1,300,000.00

2. Attorney fees and court costs; and

3. Such other and further relief as this court deems just and proper.

Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Amina Matheny-Willard, Esquire
Cell: 757.652.6462
(757-65-A-M-I-N-A)
Firm Tel: 757-777-3441
Firm Text: 757.239.3961
Firm Fax: 757-282-7808
Email: amina@aminalaw.com

Verified Complaint
Donovan v. Chapman

**VIRGINIA: IN CIRCUIT COURT FOR THE CITY OF RICHMOND**
*Micheal Donovan v. Duane Chapman*

270 | Dated this 5th Day of October, 2021

271 | **JURY TRIAL DEMANDED**

*Respectfully Submitted,*

*[signature: Amina Matheny-Willard]*

By: _____
Amina Matheny-Willard, VSB# 43566
Amina Matheny-Willard, PLLC
999 Waterside Drive, Suite 2525
Norfolk, Virginia 23510
Cell: 757-652-6462
Firm Tel.: 757-777-3441
Firm Text: 757-239-3961
Firm Fax: 757-282-7808
Email: amina@aminalaw.com
***Counsel for Plaintiff***